IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ricardo Mares | ) | |
| | ) | |
| | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) | Judge |
| | ) | |
| LEK Inc. D/B/A McDonalds Restaurant | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

PLAINTIFF Ricardo Mares by his attorney, Inseed Law, P.C. and Ryan Kim seeks redress for the discrimination suffered by the Plaintiff in violation of the laws of the United States and in support thereof allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked and authorized pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq., as amended in the Civil Rights Act of 1991, (referred to herein as "Title VII), and §1981 of the 1871 Civil Rights Act, 42 U.S.C. § 1981 (referred to herein as "1981").

2. Venue is proper in the Northern District of Illinois because the actions complained of occurred in this District.

3. Plaintiff has filed a timely "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") charging discrimination. On November 14, 2013, EEOC issued a Dismissal and Notice of Rights letter, granting plaintiff the right to bring suit against the defendants. The letter is attached with this complaint as Exhibit A.

1

## Parties

4. Plaintiff Ricardo Mares is a citizen of the State of Illinois. Mares began his employment at McDonald's in 1994. His employment was terminated on or around July 17, 2013.

5. Plaintiff is a Hispanic male, which is a protected class under Title VII.

6. Defendant LEK, Inc. is an Illinois corporation and has a franchise agreement to operate multiple restaurants with McDonald's Corporation.

## Background Facts

7. Starting at the very bottom ladder of McDonald's, through his 19 years of hard work, dedication and diligence Plaintiff climbed up the career ladder, becoming a store manager of a McDonald's franchise owned by LEK.

8. Plaintiff loved working for McDonald's and was quite proud of his achievement of becoming a store manager.

9. Plaintiff completed an educational program called "Hamburger University" which provides training and education of basic shift management, systems management, restaurant leadership practices course, business management course, OTP program, and specialized McDonald software. By every measure, plaintiff Mares was a hardworking, qualified and dedicated employee of LEK.

10. On September 10, 2012, LEK's owners and officers Eileen and Lawrence Kushner ("Kushners") received a letter from an attorney representing their employee, Elvira. The letter was a notification that the employee Elvira was being subjected to sexual assault and battery at work by Elvira's supervisor.

11. On January 7, 2013, Four of LEK's former employees, all Hispanic female, brought a suit against LEK for negligence, vicarious liability and intentional tort. The Kushners believed that plaintiff was aiding and abetting those four employees.

**LEK Terminated Plaintiff**

12. Plaintiff was terminated from his employment on July17, 2013.

13. LEK terminated plaintiff because of his race.

14. Plaintiff alleges that there was a plan by the Kushners to terminate him once the suit brought by the four former employees of defendant settles.

15. Plaintiff consistently met all reasonable job performance expectations in his position as a store manager. Plaintiff, along with other Hispanic workers, was subjected to a racially hostile work environment. He was denied other employment and job benefits, such as having vacation time, while those in the non-protected class were provided such benefits. LEK ostensibly provided plaintiff with vacation days but then during plaintiff's vacation days, the owners of LEK would call plaintiff and demand that he come in to his restaurant and work which plaintiff obliged due to fear of losing his job.

## COUNT I
## TITLE VII RACIALLY HOSTILE WORK ENVIRONMENT AT LEK

16. Plaintiff repeat and re-allege Paragraphs 1 through 15, as if fully stated herein.

17. Title VII prohibits harassment on the basis of race, which includes prohibitions of ethnic slurs, racial "jokes," offensive or derogatory comments, or other verbal or physical conduct based on an individual's race.

18. Title VII prohibits race based language and other conduct that creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance.

19. Title VII provides that it is an unlawful employment practice for an employer to discriminate against an individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such an individual's race. 42 U.S.C. 2000e-2(a)(l).

20. LEK, by and through the Kushners, engaged in racially discriminatory conduct and action that created a hostile work environment for the Plaintiff and Hispanics in general.

21. By engaging in a pattern of racial discrimination towards the Plaintiff and other Hispanics, LEK demonstrated that it condoned, fostered, promoted and did not discourage or prohibit racial discrimination towards the Plaintiff and Hispanics.

22. The violation of the Plaintiff' civil rights by LEK has caused the Plaintiff to suffer damages.

WHEREFORE, Plaintiff respectfully requests a judgment against LEK as follows:

A. Compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of LEK's actions that created a hostile work environment to the Plaintiff;

B. Compensatory damages for back pay, front pay, economic and employee benefits and interest thereon

C. Punitive Damages;

D. Reasonable attorney's fees and costs; and

E. Such further relief as is equitable and just.

## COUNT II
## RACIAL DISCRIMINATION IN VIOLATION OF § 1981

23. Plaintiff repeats and re-alleges Paragraphs 1 through 15, as if fully stated herein.

24. Section 1981, as amended, of the Civil Rights Act of 1991 prohibits intentional discrimination on the basis of race in employment, including the terms and conditions of employment as well as hiring and firing decisions. 42 U.S.C. § 1981. 50. LEK has perpetrated various acts of racial discrimination including creating a work environment that was hostile to the Plaintiff and the Hispanics in violation of §1981.

25. The violation of the Plaintiff' civil rights by LEK has caused the Plaintiff to suffer damages.

WHEREFORE, Plaintiff respectfully requests a judgment against LEK as follows:

A. Compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of LEK's racial discrimination;

B. Compensatory damages for back pay, front pay, economic and employee benefits and interest thereon

C. Punitive Damages;

D. Reasonable attorney's fees and costs; and

E. Such further relief as is equitable and just.

## COUNT III
## TITLE VII RACE DISCRIMINATION:
## WRONGFUL TERMINATION

26. Plaintiff repeat and re-allege Paragraphs 1 through 15 as if fully stated herein.

27. Plaintiff was terminated based on his race. Throughout his employment, Plaintiff was subjected to incidents of racially offensive language.

28. This racially offensive language was regularly directed at the Plaintiff including without limitation at times contemporaneously with his termination.

29. At and at times prior to their respective terminations, Plaintiff was subjected to derogatory and offensive racially motivated remarks and comments coupled with an adverse employment action.

28. The Plaintiff has each suffered economic and other damages as a result of being terminated from their respective employment by LEK.

WHEREFORE, Plaintiff respectfully requests a judgment against LEK as follows:

5

A. Compensatory damages for back pay, front pay, economic and employee benefits and interest thereon;

B. Compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of Best Western's wrongful terminations and constructive discharge of these aforementioned Plaintiff;

C. Punitive Damages;

D. Reasonable attorney's fees and costs; and

E. Such further relief as is equitable and just.


Respectfully submitted,

Dated: February 14, 2014

      /s/ Ryan Kim
Ryan J. Kim

 INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiff